**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CORY PERRY,

　　　　Plaintiff,

-vs-　　　　　　　　　　　　　　　　　Case No.  8:07-CV-828-T-30MSS

J.T. TURNER, D.M.D., et al.,

　　　　Defendants.
_____/

# ORDER

Before the Court is Plaintiff's Motion to Stay Costs [and] Petition to Order Further
Proceedings (Dkt. 13) in which Plaintiff asks the Court to order the Florida Department of
Corrections (hereafter "DOC") to deduct funds from his prison bank account and forward the
funds to the Court to pay the initial partial filing fee, and asks the Court to order service of
process upon the defendants named in this action.   Also before the Court is Plaintiff's
Addendum to Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. 14) in which
Plaintiff seeks leave to amend his complaint and add new defendants, and seeks emergency
injunctive relief in the form of an order instructing Defendants to provide him with
unspecified medical care.

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to
42 U.S.C. § 1983 alleging Defendants violated his rights pursuant to the Fifth and Eighth
Amendments to the United States Constitution (Dkt. 1).   Specifically, he alleges that DOC

employees have injured him at least four times, and he needs surgery on his knee, abdomen, left biceps, and dental surgery, but he is not receiving the medical care he needs.  He alleges that he fears he will not receive the medical care he needs, and he will be subject to false disciplinary charges if he remains incarcerated in the DOC.  For relief, he seeks a transfer to either a federal penal institution or an institution in another state.

## Motion to Deduct Funds

Plaintiff's motion for an order instructing the DOC to deduct funds from his inmate bank account and forward the funds to the Court to pay the initial partial filing fee is moot as the Court received payment of the partial filing fee on June 18, 2007(Dkt. 12).

## Motion to Amend Complaint

> Rule 15(a), Fed. R. Civ. P., provides, in pertinent part, that:
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Because no responsive pleadings have been filed in the case, the motion to amend the complaint will be granted.

In amending, the plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations.  The plaintiff must place Defendants' full names in the style of the case on the first page of the civil rights complaint form.  Further, the plaintiff should write Defendants' full names in the appropriate sections of the civil rights complaint form.

In the section entitled "Statement of Claim," the plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.  The plaintiff should provide both a list of constitutional or other federal rights allegedly violated and a statement of facts in support of the claimed violations.  Further, in the section entitled "Statement of Facts," the plaintiff should clearly describe how each named Defendant is involved in the alleged constitutional violation(s).  The plaintiff should note that in civil rights cases more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § l983.  Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. l984).

The plaintiff should be aware that respondeat superior, without more, does not provide a basis for recovery under section l983.  Polk County v. Dodson, 454 U.S. 3l2, 325 (l98l); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Department of Social Services, 436 U.S. 658 (1978));  Greason v. Kemp, 891 F.2d 829, 836  (11th Cir. l990). See Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061 (1992); Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1, 111 S. Ct. 1032 (1991); Pembaur v. City of Cincinnati, et al., 475 U.S. 469 (1986).

Although personal participation is not specifically required for liability under section l983, a causal connection must exist between the Defendant and the injury allegedly sustained.  Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. l991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam).  One is liable for the actions or omissions of others only if he or she participated in a deprivation of constitutional rights or directed an action or omission that resulted in a deprivation.  Finally, the Plaintiffs must show how he

has been damaged (how he was harmed or injured by the actions or omissions of the Defendants).

Most importantly, if the Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint.  However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint.  In addressing an unrelated claim in a separate complaint, the Plaintiff must complete a <u>new</u> civil rights complaint form for the unrelated claim.  The Clerk of the Court will then assign a new case number for the separate complaint and inform the Plaintiff of the new case number.  Of course, the Plaintiff should file an amended complaint <u>in</u> <u>this</u> <u>action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action.  The Plaintiff may at any time request more civil rights complaint forms for these unrelated claims.

To amend his complaint, the Plaintiff should complete a new civil rights complaint form, marking it "Amended Complaint."  The amended complaint must include all of the Plaintiff's claims in this action; it should not refer to the original complaint.  The Plaintiff should mail the new form to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>Defendant</u>.

The Plaintiff's failure to file an amended complaint, which complies with all of the foregoing instructions and all of the instructions on the complaint form itself, on or before January 20, 2008, will result in the <u>dismissal</u> of this action without prejudice, for failure to prosecute under Rule 3.10, Local Rules, United States District Court, Middle District of Florida.

**Motion to Serve Complaint**

In light of the fact that Plaintiff intends to file an amended complaint, his motion to serve the Defendants with the original complaint (Dkt. 13) will be denied as moot.

**Motion for Emergency Injunctive Relief**

As to his motion for emergency injunctive relief, Plaintiff has not served a copy of his motion on Defendants. Consequently, the Court construes the motion as seeking a temporary restraining order under Fed. R. Civ. P. 65(b). Plaintiff, however, has not "certified to the Court, the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." The Court has reviewed Plaintiff's motion and the documents[1] he has submitted in support of his motion and is of the opinion that Plaintiff has failed to comply with the strictures of Fed.R.Civ.P. 65 and Rules 4.05 and 4.06, Local Rules of the United States District Court, Middle District of Florida.

Plaintiff fails to demonstrate that he was in danger of any immediate risk of substantial or irreparable harm when he filed his motion, and has also failed to establish that an emergency situation exists which requires immediate intervention by the Court. Therefore, the Court will not grant *ex parte* relief without Defendants being afforded notice

---

[1]The only specific medical issue Plaintiff raises in the documents submitted with his motion is his need for medical boots (Dkt. 14 at 7).

Page 5 of 6

and an opportunity to respond to Plaintiff's motion.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's Motion to Stay Costs [and] Petition to Order Further Proceedings (Dkt. 13) is **DENIED** as moot.

2.      Plaintiff's Addendum to Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. 14), is **GRANTED** solely to the extent that Plaintiff may file an amended complaint on or before **January 20, 2008**, and is **DENIED, without prejudice,** to the extent Plaintiff seeks an emergency temporary restraining order.

3.      The **Clerk** shall send Plaintiff a Civil Rights Complaint Form with his copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Plaintiff *pro se*