UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORY T. PERRY, *pro se*,

    Plaintiff,

-vs-                                        Case No. 8:07-CV-828-T-30MSS

J.T. TURNER, et al.,

    Defendants.
_____/

## **ORDER**

        Before the Court is Plaintiff's amended civil rights complaint (Dkt. 16). On December 21, 2007, the Court issued an order in which it instructed, in pertinent part, Plaintiff to file an amended complaint (Dkt. 15). In the order the Court instructed Plaintiff that he "must place Defendants' full names in the style of the case on the first page of the civil rights complaint form. Further, the plaintiff should write Defendants' full names in the appropriate sections of the civil rights complaint form." (Id. at 2). Plaintiff failed to follow this instruction, and instead he identified the Defendants as "Turner, et al." in both the style of the case and Section V of the amended complaint (Dkt. 16 at 1, 6). Plaintiff therefore will be granted leave to file a second amended complaint.

        In amending, the plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. The plaintiff <u>must</u> place Defendants' full names in the style of the case on the first page of the civil rights complaint form. Further, the plaintiff should write Defendants' full names in the appropriate sections of the civil rights

complaint form.

In the section entitled "Statement of Claim," the plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. The plaintiff should provide both a list of constitutional or other federal rights allegedly violated and a statement of facts in support of the claimed violations. Further, in the section entitled "Statement of Facts," the plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>Defendant</u> is involved in the alleged constitutional violation(s). The plaintiff should note that in civil rights cases more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § l983. <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. l984).

The plaintiff should be aware that <u>respondeat superior</u>, without more, does not provide a basis for recovery under section l983. <u>Polk County v. Dodson</u>, 454 U.S. 3l2, 325 (l98l); <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978));  <u>Greason v. Kemp</u>, 891 F.2d 829, 836  (11th Cir. l990). <u>See</u> <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 112 S. Ct. 1061 (1992); <u>Pacific Mutual Life Insurance Company v. Haslip</u>, 499 U.S. 1, 111 S. Ct. 1032 (1991); <u>Pembaur v. City of Cincinnati, et al.</u>, 475 U.S. 469 (1986).

Although personal participation is not specifically required for liability under section l983, a causal connection must exist between the Defendant and the injury allegedly sustained. <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. l991); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). One is liable for the actions or omissions of others only if he or she participated in a deprivation of constitutional rights or directed an action or omission that resulted

in a deprivation. Finally, the Plaintiff must show how he has been damaged (how he was harmed or injured by the actions or omissions of the Defendants).

Most importantly, if the Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint. In addressing an unrelated claim in a separate complaint, the Plaintiff must complete a <u>new</u> civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform the Plaintiff of the new case number. Of course, the Plaintiff should file a second amended complaint <u>in</u> <u>this</u> <u>action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. The Plaintiff may at any time request more civil rights complaint forms for these unrelated claims.

To amend his complaint, the Plaintiff should complete a new civil rights complaint form, marking it "Second Amended Complaint." The Second Amended Complaint must include all of the Plaintiff's claims in this action; it <u>shall</u> <u>not</u> refer to the original or amended complaint. The Plaintiff should mail the Second Amended Complaint to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>Defendant</u>.

Plaintiff is advised that the Second Amended Complaint will completely *supersede* both the original and amended complaint, and once the Second Amended Complaint is filed, the only issues before the Court are the ones raised in the text of the Second Amended Complaint. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended

complaint under the Federal rules supercedes the original complaint); *Williams v. U.S.*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint . . . will supersede his prior complaint (Doc. 1) and amended complaint . . . .")

The Plaintiff's failure to file the Second Amended Complaint, which complies with all of the foregoing instructions and all of the instructions on the complaint form itself, on or before **March 1, 2008**, will result in the <u>dismissal</u> of this action without prejudice, for failure to prosecute under Rule 3.10, Local Rules, United States District Court, Middle District of Florida.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff shall file a Second Amended Complaint on or before **March 1, 2008**.

2. The **Clerk** shall send Plaintiff a Civil Rights Complaint Form with his copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy furnished to:
Plaintiff *pro se*