UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORY PERRY, *pro se*,

    Plaintiff,

-vs-                                                  Case No.  8:07-CV-828-T-30MSS

SERGEANT McCLEAN, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's second amended civil rights complaint (Dkt. 18), application to proceed without prepayment of fees and affidavit (Dkt. 19), Motion for Appointment of Counsel (Dkt. 21), and Petition for Preliminary Injunction and a Temporary Restraining Order (Dkt. 22).

**Background**

On May 3, 2007, Plaintiff filed a civil rights complaint in which the gravamen of his claim was that he was not receiving necessary medical care (Dkt. 1). He named James McDonough, J.T. Turner, J. Enriquez, Trinity Food Service, Prison Health Services, Dr. Jamie Rubio, and Don Davis as defendants (Id.).

On December 21, 2007, the Court issued an order in which it instructed, in pertinent part, Plaintiff to file an amended complaint (Dkt. 15). On January 9, 2008, Plaintiff filed his amended complaint, but he failed to adequately identify the individuals he was naming as defendants. Accordingly, on February 11, 2008, the Court ordered Plaintiff to file a second

amended complaint and instructed him to name the defendants who were responsible for the allege constitutional violations, and further instructed him that claims which are not related to the same basic incident must be raised in a separate complaint (Dkt. 17).

On March 4, 2008, Plaintiff filed his second amended complaint (Dkt. 18). None of the defendants he named in his original and amended complaints is named as a defendant in his second amended complaint. Instead, Plaintiff names a number of correctional officers as defendants and alleges three separate incidents of abuse by the officers. Specifically, he claims that on February 6, 2005, officers attacked and beat him at South Florida Reception Center; in June 2006, an Officer Coranado directed other inmates to attack Plaintiff at Dade Correctional Institution; and in November 2007, officers attacked and beat him at Lake Butler Correctional Institution, and he believes the attack was a "direct result of a conspiracy by Captain Baldridge and Sergeant Smith at Avon Park Correctional Institution with friends/officers at Lake Butler Correctional Institution." (Id. at pages 8-9 of second amended complaint).

## Discussion

Because Plaintiff filed this action against employees of a governmental entity while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

2

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Plaintiff alleges that Defendants Baldridge and Smith, officers at Avon Park Correctional Institution, conspired with officers at Lake Butler Correctional Institution to have Plaintiff beaten (Dkt. 18 at 10). The Eleventh Circuit has addressed the showing necessary to establish a § 1983 conspiracy claim, stating:

> Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks,* 449 U.S. 24, 27 101 S.Ct. 183, 186 (1980); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir.1988), *overruled in part on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n. 4 (11th Cir.1996). To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants "reached an understanding to violate [his] rights." *Strength,* 854 F.2d at 425 (quotation omitted). The plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir.1990), but must show some evidence of agreement between the defendants. *Bailey v. Bd. of County Comm'rs of Alachua County,* 956 F.2d 1112, 1122 (11th Cir.1992) ("The linchpin for

conspiracy is agreement, which presupposes communication.").

*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002).

The Court finds that Plaintiff has not asserted sufficient factual allegations in support of his § 1983 conspiracy claim to survive a §1915A review. Plaintiff has not alleged sufficient facts to support an inference of contacts between any of the Defendants with an intent to agree to act in concert to deprive Plaintiff of his constitutional rights. Plaintiff's allegations of a conspiracy are simply conclusory statements with no factual support. *See Fullman v. Graddick*, 739 F.2d 553, 561-62 (11th Cir. 1984). Plaintiff has simply failed to assert any facts from which a fact finder may infer that Defendants agreed to commit acts which deprived Plaintiff of his constitutional rights. While proof of an agreement to commit an illegal act can be in the form of circumstantial evidence, there must be "evidence" – not merely speculation. *See Bailey v. Board of County Commissioners of Alachua County,* 956 F.2d 1112, 1122. Therefore, the Court finds that Plaintiff's conspiracy claim is subject to dismissal.

The remaining claims in Plaintiff's second amended complaint allegedly occurred at Lake Butler Correctional Institution, Dade Correctional Institution, and South Florida Reception Center. Dade Correctional Institution and South Florida Reception Center are located in Miami-Dade County, Florida, within the jurisdiction of the District Court, Southern District of Florida. Lake Butler Correctional Institution[1] is located in Union

---

[1] The Court takes judicial notice of information on the Florida Department of Corrections website, www.dc.state.fl.us/facilities, which appears to indicate that there is no facility known as "Lake Butler Correctional Institution" and presumes that Plaintiff is actually referring to the Reception and Medical Center in Lake Butler, Florida.

County, Florida, within the jurisdiction of the Jacksonville Division, Middle District of Florida.

28 U.S.C. § 1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Because two of the claims lie within the jurisdiction of the Southern District, and one of the claims lies within the jurisdiction of the Jacksonville Division, the Court finds transfer inappropriate.

ACCORDINGLY, it is **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice, to be filed in an appropriate venue.

2. The Clerk of Court shall enter judgment against Plaintiff, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 13, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Plaintiff *pro se*

5